UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SEYEDALIREZA ROZATI,

        Petitioner,

v.

KEVIN RAYCRAFT et al.,

        Respondents.
_____/

Case No. 1:25-cv-1771

Honorable Hala Y. Jarbou

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action on December 12, 2025, by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

**I.    Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, accept jurisdiction over this action, declare that Respondents' actions to detain Petitioner violate the Due Process Clause of the Fifth Amendment, and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner from custody. (Pet., ECF No. 1, PageID.13.)

In an order entered on December 15, 2025, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 3.) Respondents filed their response on December 18, 2025, (ECF No. 4), and Petitioner filed his reply on December 23, 2025, (ECF No. 5).

## II.     Factual Background

Petitioner is a native and citizen of Iran. (Pet., ECF No. 1, PageID.2; Acree-Manuel Decl. ¶ 4, ECF No. 4-1, PageID.112.) Petitioner entered the United States in September 2019 "as a nonimmigrant student for duration of status not to exceed sixty days past the program end date of August 2, 2024." (Acree-Manuel Decl. ¶ 4, ECF No. 4-1, PageID.112.)

"On November 26, 2021, [Petitioner] filed a Form I-485, Application to Register Permanent Residence and Adjust Status, with U.S. Citizenship and Immigration Services (USCIS) based upon an approved Form I-140, Immigrant Petition for Alien Workers." (*Id.* ¶ 5.) On December 3, 2024, Petitioner had an adjustment interview with the USCIS Cleveland Field Office. (Pet., ECF No. 1, PageID.4.) Five months after the interview, USCIS issued a Notice of Intent to Deny. (*Id.*) Petitioner reports that the Notice of Intent to Deny "appeared to center on minute details of [Petitioner's] recollection of the exemption he had received from mandatory conscripted military service in" Iran. (*Id.*) Petitioner's attorney submitted a response to the Notice of Intent to Deny on May 23, 2025. (*Id.*)

On July 21, 2025, ICE arrested and detained Petitioner. (*Id.*; Acree-Manuel Decl. ¶ 6, ECF No. 4-1, PageID.112.) At that time, ICE issued Petitioner a Form I-862, Notice to Appear, charging Petitioner "with removability under [Immigration and Nationality Act (INA)] § 237(a)(1)(B) for remaining in the United States longer than authorized." (Acree-Manuel Decl. ¶ 6, ECF No. 4-1, PageID.112.) On July 29, 2025, Petitioner's removal proceedings were dismissed without prejudice, and the following day, "USCIS issued a notice of decision denying [Petitioner's] Form I-485 application." (*Id.* ¶¶ 7–8, PageID.113.) ICE then reissued the NTA charging Petitioner "with removability under INA § 237(a)(1)(B) and filed it with the Detroit Immigration Court." (*Id.* ¶ 8.)

2

On August 14, 2025, the Detroit Immigration Court held a bond hearing "where [Petitioner] was represented by counsel" and "[b]oth parties submitted documentary evidence and presented oral arguments." (*Id.* ¶ 9.) The immigration judge issued a written decision on August 15, 2025, denying Petitioner's request for bond. (*Id.* ¶ 10.) The immigration judge found that the court did "not have jurisdiction to redetermine conditions of custody because [Petitioner had] not met his burden to establish that he is not deportable under INA § 237(a)(4)[;] INA § 236(c)(1)(D); 8 C.F.R. § 1003.19(h)(2)(i)(C)," for terrorist-related activity, and the "immigration judge alternatively denied bond under INA § 236(a), finding that [Petitioner] did not meet his burden to establish that he was not a threat to national security, a danger to the community, or a substantial flight risk." (Order of the Immigration Judge, ECF No. 1-4, PageID.80; Acree-Manuel Decl. ¶ 10, ECF No. 4-1, PageID.113; Resp., ECF No. 4, PageID.100–101.) Petitioner appealed this decision to the Board of Immigration Appeals (BIA), and the appeal remains pending. (Acree-Manuel Decl. ¶ 10, ECF No. 4-1, PageID.114.) Petitioner is scheduled for an individual hearing in the Detroit Immigration Court on January 29, 2026. (*Id.* ¶ 11.)

### III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

3

**IV.     Discussion**

In this case, Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226 in the Detroit Immigration Court on August 14, 2025. (Acree-Manuel Decl. ¶ 9, ECF No. 4-1, PageID.113.) The Detroit Immigration Court denied Petitioner's request for a bond, concluding "that the court did not have jurisdiction to redetermine conditions of custody pursuant to INA § 236(c)(1)(D)," which is codified at 8 U.S.C. § 1226(c)(1)(D), and alternatively, "den[ying] bond under INA § 236(a)," which is codified at 8 U.S.C. § 1226(a). (*Id.* ¶ 10.) In his § 2241 petition, Petitioner challenges the findings of the Detroit Immigration Court as related to the denial of his bond, arguing that his military service in Iran does not warrant his detention under § 1226(c), (*see* Pet., ECF No. 1, PageID.6; Reply, ECF No. 5, PageID.126–127), and that "the government presented no evidence of dangerousness, flight risk, or national security concerns" to warrant detention under § 1226(a). (Pet., ECF No. 1, PageID.8–12.) Respondents argue, *inter alia*, that the Court should dismiss Petitioner's petition because Petitioner has not exhausted his administrative remedies. (Resp., ECF No. 4, PageID.101–102.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d

4

at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner's specific claims involve challenges to the immigration judge's determinations in the bond decision. (*See* Pet., ECF No. 1, PageID.8–12.) Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment. Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA. Petitioner's appeal to the BIA remains pending. (Acree-Manuel Decl. ¶ 10, ECF No. 4-1, PageID.114.) Therefore, Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: January 9, 2026                    /s/ Hala Y. Jarbou
                                          HALA Y. JARBOU
                                          CHIEF UNITED STATES DISTRICT JUDGE